UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN TATAR,

        Plaintiff,

v.

TROTT & TROTT, P.C., *et al.*,

        Defendants.
_____/

Case No. 10-12832

Nancy G. Edmunds
United States District Judge

Michael Hluchaniuk
United States Magistrate Judge

## REPORT AND RECOMMENDATION
## MOTIONS FOR SUMMARY JUDGMENT (Dkt. 45, 60)

**I.    PROCEDURAL HISTORY**

Plaintiff filed his initial complaint on July 19, 2010. (Dkt. 1). On December 3, 2010, defendants filed their amended motions for summary judgment. (Dkt. 19, 20). The undersigned recommended granting those motions in part and denying them in part, without prejudice. (Dkt. 33). The District Court adopted the report and recommendation and the only remaining pending claims are those under the Fair Debt Collection Practices Act. (Dkt. 34). On March 8, 2012, defendants Trott & Trott and Wachovia filed a second motion for summary judgment. (Dkt. 45). Plaintiff filed a response on April 8, 2012. (Dkt. 47). On June 6, 2012, defendants filed a reply. (Dkt. 56). Plaintiff also filed a motion for summary judgment on July 2, 2012. (Dkt. 60). Defendants filed a response on

July 25, 2012. (Dkt. 62). Plaintiff filed a reply on August 9, 2012. (Dkt. 64). With the permission of the Court, Wachovia filed a supplemental brief on June 6, 2012. (Dkt. 53, 56). A detailed factual background and the standard of review are set forth in the Report and Recommendation dated August 3, 2011 and need not be repeated here. (Dkt. 33).

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendants' motions for summary judgment be **GRANTED,** and that the remainder of plaintiff's complaint be **DISMISSED** with prejudice.

## II. ANALYSIS AND CONCLUSION

### A. Trott & Trott

The undersigned previously concluded that Trott & Trott did not satisfy its burden under the summary judgment standard of coming forward with *prima facie* evidence showing that it does not regularly engage in debt collection. (Dkt. 33, 34). As to Trott & Trott's claims that even if it were a debt collector, its September 4, 2009 letter complied with the FDCPA, the undersigned concluded that defendants had again, not come forth with sufficient evidence. That is, as noted in the earlier report and recommendation, it may well have been the case that defendant's letter dated September 4, 2009 complied with the FDCPA as set forth in *Mabry v. Ameriquest Mortg. Co.*, 2010 WL 1052353 (E.D. Mich. 2010),

but given that defendant did not include a complete authenticated copy of that letter, with the attached payment history, to their previously filed motions, it was impossible for the undersigned to undertake this evaluation. (Dkt. 33).

Defendant makes some arguments in its current motion that can be characterized as seeking reconsideration of the previous decision regarding plaintiff's FDCPA claims. Those arguments need not be considered here.

Defendant next asserts that none of plaintiff's correspondence, as attached to the original response to the motion for summary judgment can be used in support of a FDCPA claim for three reasons: (1) either the claims are time-barred; (2) the documents were sent before the initial August 14, 2009 FDCPA letter; or (3) the documents were sent after plaintiff's August 28, 2009 debt dispute. Defendant points out that plaintiff's lawsuit was not filed until July 19, 2010 and thus, to the extent the letters on which he basis a FDCPA claim are dated from 2008, the claims are time-barred, given the one year statute of limitations in the FDCPA. *See* 15 U.S.C. 1692k(d).

Defendant also argues that they complied with the FDCPA requirements. According to defendant, the FDCPA letter was sent to plaintiff on August 14, 2009 and this letter contained all the required FDCPA information. (Dkt. 33, Pg ID 1064). In response, plaintiff sent a letter dated August 28, 2009. (Dkt. 2-5, Pg ID 66). As noted previously, Trott & Trott sent a letter dated September 4, 2009

in response. This time, Trott & Trott has submitted an affidavit in support of the authenticity of this letter and provided a copy of the documents that were attached, which includes the payment history. (Dkt. 45-3). The undersigned is satisfied that defendants have shown that the September 4, 2009 letter meets the requirements of the FDCPA and defendant's other arguments need not be addressed because the only FDCPA claim recognized previously against Trott & Trott as surviving the earlier motion for summary judgment was based on the September 4, 2009 letter. Notably, plaintiff has not challenged the merits of defendant's motion. Rather, plaintiff only says that the motion is premature because of some outstanding discovery issues. (Dkt. 47). Those discovery issues have since been resolved against plaintiff and, in any event, plaintiff failed to explain how the lack of such discovery prevented him from addressing the merits of Trott & Trott's motion.

B. Wachovia/Wells Fargo[1]

Previously, the undersigned concluded that plaintiff also claims to have made earlier "qualified written requests" to which no response was received. (Dkt. 21-1, Pg ID 703-708, 710-715). And, that defendant Wachovia did not address these letters; thus, no relief was requested nor was granted to Wachovia as to any FDCPA claim that plaintiff had asserted as to these letters. (Dkt. 33). Notably, those letters are dated March 20, 2008 and December 23, 2008 and any

---

[1] Wells Fargo is the successor in interest to Wachovia. (*See* Dkt. 56).

claim that these letters are evidence of a FDCPA violation (which is unlikely because qualified written requests are related to a RESPA[2] claim, not the FDCPA), is barred by the one year statute of limitations. *See* 15 U.S.C. 1692k(d). To the extent that plaintiff makes any claim under the FDCPA against Wachovia/Wells Fargo as to the September 4, 2009 letter, the undersigned agrees with defendant that no such claim can stand because it was the originating creditor. *See Payton v. Trott & Trott*, Case No. 10-14916 (E.D. Mich. 2011) (Dkt. 15) (15 U.S.C. § 1692a(6)(F) exempts banks from collecting on their own accounts a subsequent merger does not alter this principle), citing *Orent v. Credit Bureau of Greater Lansing, Inc.*, 2001 U.S. Dist. LEXIS 17683, at *13 (W.D. Mich. 2010) (holding that a lender which assumes the debt of another lender after a merger is not a "debt collector" on that debt under 15 U.S.C. § 1692a(6)(F)). For these reasons, summary judgment in favor of Wachovia/Wells Fargo is also recommended.

C.      Plaintiff's Motion for Summary Judgment

Plaintiff asserts that summary judgment should be granted in his favor because of defendants failure to provide timely or complete discovery responses and the discovery should be deemed admitted. (Dkt. 60). The undersigned has previously resolved these discovery disputes (Dkt. 58) and finds no basis to grant summary judgment in favor of plaintiff, particularly given the conclusions reached

---

[2] Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.*

above regarding the merits of plaintiff's one remaining claim.

## III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendants' motions for summary judgment be **GRANTED** and that the remainder of plaintiff's complaint be **DISMISSED** with prejudice.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: December 17, 2012             s/Michael Hluchaniuk
                                    Michael Hluchaniuk
                                    United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on December 17, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Rana D. Razzaque and John Tatar.

                                    s/Tammy Hallwood
                                    Case Manager
                                    (810) 341-7887
                                    tammy_hallwood@mied.uscourts.gov